### In re DUNSCOMB'S WILL.

(*Supreme Court, General Term, Second Department.*   May 5, 1890.)

WILLS—PAYMENT OF LEGACIES.
    An affidavit which fully states the facts, filed with a notice of a motion to require
    the administrator to pay a legacy, is a sufficient "petition" to authorize a citation, as
    prescribed by Code Civil Proc. N. Y. §§ 2717, 2718, prescribing the procedure to
    compel payment of legacies.

Appeal from surrogate's court, Kings county.

The application of Alexander T. Cole, as administrator of Eva Cole, to com-
pel the executors under the will of Eliza Dunscomb to pay to him a legacy be-
queathed to his intestate by said Eliza Dunscomb, was dismissed with $10
costs, and he appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Martin E. Halpin*, for appellants.   *H. Hendrickson*, for respondent.

BARNARD, P. J.   Alexander T. Cole, as administrator of the estate of Eva
Cole, made a motion in the surrogate's court based upon an affidavit stating
that Eliza Dunscomb by her will made a bequest of $200 to Eva Cole; that
the Dunscomb will had been proven on the 5th day of February, 1887, and
that the estate had the money with which to pay the legacy; that the executors
of the Dunscomb will refused to pay the same on a personal-request made to
them by the Cole administrator.   There was no opposing affidavit.   The
court denied the motion upon the ground, apparently, that the application
should have been by petition and citation.   This is the correct method of pro-
cedure.   Code Civil Proc. §§ 2717, 2718.   The affidavit which accompanied
the notice of motion was sufficient as a petition to authorize a citation.   The
notice of motion did no harm.   The affidavit, after stating the facts, asked
for such relief as the affiant was entitled to upon the facts stated.   The order
should therefore be reversed, and the proceeding remitted to the surrogate
for further action, without costs on this appeal.   All concur.